# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59457-9-II |
| Respondent, | |
| v. | |
| MARCUS DALE MCCLOUD, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Following a robbery at the Red Wind Casino, Marcus D. McCloud was convicted of, among other crimes, one count of first degree robbery and two counts of second degree assault. At sentencing, the trial court merged one of the second degree assault counts with the first degree robbery count, but not both assault counts.

McCloud appeals, arguing that both second degree assault counts should merge with the first degree robbery. We disagree and affirm.

## FACTS

On October 21, 2021, Celeste Bear and Ashlea Scheaffer were working at the Keno[1] counter at Red Wind Casino when McCloud approached Scheaffer's station. McCloud pointed a gun at Scheaffer and demanded the money from her till. While demanding money from Scheaffer, McCloud also pointed his gun at Bear who was standing next to Scheaffer. McCloud left with $1,174 from Scheaffer's till.

---

[1] Keno is a casino game similar to a lottery.

The State charged McCloud with multiple crimes, including one count of first degree robbery with a firearm enhancement and two counts of second degree assault with firearm enhancements. One assault count was for the assault against Scheaffer, and the other assault count was for Bear. A jury found McCloud guilty as charged.

At sentencing, McCloud argued that both counts of second degree assault should merge with the single count of first degree robbery. The State conceded that one count of second degree assault merged with the first degree robbery, but not both. The trial court agreed with the State and vacated one of the second degree assault counts (count II). The trial court imposed standard range sentences on the remaining counts.

McCloud appeals.

ANALYSIS

McCloud argues that because it is unclear which count of second degree assault the jury relied on to support the first degree robbery charges, the rule of lenity requires that both counts of second degree assault should merge into the first degree robbery. We disagree.

Double jeopardy prohibits multiple convictions for the same offense. *State v. Freeman*, 153 Wn.2d 765, 770-71, 108 P.3d 753 (2005). "Under the merger doctrine, when the degree of one offense is raised by conduct separately criminalized by the legislature, we presume the legislature intended to punish both offenses through a greater sentence for the greater crime." *Id.* at 772-73. Generally, a second degree assault will merge with a first degree robbery because the assault is necessary to elevate the robbery to first degree. *See e.g.*, *Id.* at 778.

Here, McCloud argues that it was error for the trial court to merge only one count of second degree assault with the first degree robbery. Relying on *State v. Kier*, 164 Wn.2d 798, 194 P.3d

212 (2008), McCloud contends that because either assault could have been used to elevate the robbery to first degree, the rule of lenity requires both counts of second degree assault to merge.

In *Kier*, the defendant carjacked a vehicle by first pointing a gun at the driver, then after the driver fled, the defendant pointed a gun at the passenger and took the vehicle. *Id*. at 802-03. The State charged the defendant with one count of first degree robbery, identifying both the driver and the passenger as victims of the robbery. *Id*. at 803. The State also charged the defendant with one count of second degree assault, identifying just the passenger as the victim. *Id.* The State argued that the first degree robbery and second degree assault should not merge because the driver was identified as a victim of the robbery and the defendant would have also committed an assault against the driver, not just the passenger; in other words, because an uncharged assault against the driver could have elevated the robbery to first degree, the charged assault against the passenger should not merge. *Id.* at 808. Our Supreme Court, however, rejected the State's argument. Because "the evidence and instructions allowed the jury to consider [the passenger] a victim of the robbery as well as the assault," the verdict was ambiguous. *Id.* at 814. Because of the ambiguity in the jury's verdict, the rule of lenity required resolving the ambiguity in the defendant's favor—meaning interpreting the verdict such that the charged second degree assault elevated the first degree robbery and the crimes merged. *Id.*

*Kier* is distinguishable. Unlike *Kier*, McCloud was charged with two counts of second degree assault and only one was required to elevate the single count of robbery to first degree. Under these facts, *State v. Chesnokov*, 175 Wn. App. 345, 305 P.3d 1103 (2013), rather than *Kier,* applies. In *Chesnokov*, the defendant robbed three store employees at gunpoint. 175 Wn. App. at 347-48. The State charged the defendant with a single count of first degree robbery for two of the

store employees and three counts of second degree assault, one count for each of the three store employees. *Id.* at 347-48. After being convicted as charged, the defendant argued that the second degree assault charges against the two employees identified as the victims of the robbery should merge with the single count of first degree robbery. *Id.* at 348, 355. The court rejected the defendant's argument and determined that because only one count of second degree assault was necessary to elevate the first degree robbery, only one of the second degree assault counts should merge:

> The jury found [the defendant] guilty of assaulting both [store employees], but only one of those convictions was essential to elevate robbery to the first degree. It does not violate the merger doctrine for [the defendant] to be punished for the remaining assault count where the State has proved two counts and one of those counts merges with the robbery conviction. The second conviction was not essential and does not merge. A contrary interpretation would produce an absurd result: a defendant convicted of 100 counts of second degree assault and one count of first degree robbery encompassing 100 potential victims would receive the same punishment as a defendant who committed first degree robbery and second degree assault against one victim.

*Id.* at 355. Further, although it was unclear which assault was actually used by the jury to elevate the first degree robbery, the rule of lenity did not apply because the result would be the same regardless of which assault was used, and therefore, there was no ambiguity in the jury verdict that would favor the defendant. *Id.* at 356.

Just like in *Chesnokov*, McCloud was found guilty of two counts of second degree assault, and only one assault was necessary to elevate the first degree robbery. McCloud was entitled to have only one count of second degree assault vacated, which the trial court has already done. There is no basis to merge the other count of second degree assault when that count is not necessary to elevate the single count of first degree robbery. Further, the rule of lenity does not apply because

4

regardless of which specific count of second degree assault the jury relied on to elevate the first degree robbery, the end result at sentencing would be the same.

Accordingly, we affirm the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, C.J.

VELJACIC, J.